IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

In re: Gregory Leon Simpson                   )          Case No.: 21-80557-CRJ-7
SSN: xxx-xx-2655                              )
                                              )
        Debtor.                               )          Chapter 7

## MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT

COMES NOW Tazewell T. Shepard, Trustee of the Estate of the above-captioned Debtor ("**Trustee**") and respectfully represents that he has reached an agreement with Debtor, Gregory Leon Simpson, allowing Debtor to purchase a one-half interest in undeveloped real estate that is part of the Bankruptcy Estate. As grounds for this motion, the Trustee states the following:

### I. Background

1. On March 26, 2021 (the "Filing Date"), Gregory Leon Simpson (the "**Debtor**") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. " 101 et seq. (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Alabama, Northern Division (the "**Bankruptcy Court**").

2. At the time of the bankruptcy filing, the Debtor possessed a one-half interest in undeveloped real estate with a pre-tax appraisal value of $12,500.00.

3. An independent appraisal confirmed the total pre-tax value of the undeveloped real estate is $25,000.00.

4. Debtor has agreed to purchase the one-half interest in the real estate for $13,750.00.

5. The Trustee has conferred with an independent real estate professional and believes that the Debtor's offer exceeds what the estate could achieve in a public listing or an auction. Further, this compromise, if approved by the Court, will save the estate the costs of retaining a real estate agent and other costs of sale.

6. As a result of these claims and disputes, Trustee and debtor have entered into negotiations and have now reached the below agreement, subject to Bankruptcy Court approval.

## II. Jurisdiction and Notice

7. The Trustee brings this motion for approval of compromise and settlement (this "**Motion**") pursuant to § 105 of the Bankruptcy Code and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"). This Motion is a contested matter under Bankruptcy Rule 9014.

8. The Bankruptcy Court has jurisdiction over this matter by virtue of 28 U.S.C. § 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

9. Pursuant to Bankruptcy Rule 2002, the Trustee proposes to serve a copy of this Motion upon the Bankruptcy Administrator, all creditors, and all parties requesting notice.

10. Pursuant to Bankruptcy Rule 2002, the Trustee proposes that the Bankruptcy Court provide no less than 20 days' notice by mail to all creditors of the time within which objections to the relief requested in this Motion must be filed and of the hearing on any such objections.

## III. Agreement for Compromise and Settlement

11. The agreement by and between the Trustee and Debtor with respect to the undeveloped real estate is as follows:

   a. The Trustee shall receive the total sum of Thirteen Thousand Seven Hundred and Fifty Dollars and Zero Cents ($13,750.00) in funds made payable to "Tazewell T. Shepard, Trustee", and to be delivered within thirty days after entry of an Order by the Bankruptcy Court approving this transaction.

   b. The Trustee will release, quitclaim and convey to Debtor by execution of a Trustee's Deed, any interest the Bankruptcy Estate may have in the real estate. An independent appraisal has established the total pre-tax value of the undeveloped real estate at $25,000.00. The pre-tax, one-half interest held by the Bankruptcy Estate is therefore valued at $12,500.00. The proceeds of this compromise will be for the benefit of the Estate and its creditors.

## IV. Business Justification for Compromise and Settlement

12. Bankruptcy Rule 9019(a) authorizes a bankruptcy court to approve compromises and settlements. The approval or rejection of a compromise is left to the sound discretion of the bankruptcy court, and is to be determined by the particular circumstances of each proposed compromise. The term "sound discretion" denotes the absence of a hard-and-fast rule. When invoked as a guide to judicial action, it means a decision giving due regard to what is right and equitable under the particular circumstances of the case and applicable law. <u>Langes v. Green</u>, 282 U.S. 531, 541 (1931).

13. The courts have supplied the following criteria when determining the acceptability of a proposed compromise:

   (i) The probability of success in the litigation;
   (ii) The complexity of the litigation involved; and
   (iii) The expense, inconvenience, and delay necessarily attending the litigation (including the possibility that denial of the settlement will cause the depletion of assets).

Wallis v. Justice Oaks, II, Ltd. (In re Justice Oaks II, Ltd.), 898 F.2d 1544 (11th Cir. 1990) and In re Jackson Brewing Co., 624 F.2d 605, 607 (5th Cir. 1980). See also Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414 (1968). The court is required to decide whether the settlement falls below the lowest point in a range of reasonableness. Anacona-Ericsson v. Hennson (In re Teletronics Services, Inc.), 762 F.2d 185, 187-89 (2d Cir. 1985) (quoting Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983), cert denied 464 U.S. 822 (1984)).

14. A settlement of this compromise in accordance with this Motion will result in the resolution of these claims and receipt of payment by the Trustee on a more efficient and expedited basis than would be the case if the Trustee were to retain a real estate agent to market and sell the property. The settlement of the claim will also minimize the Trustee's administrative costs.

15. Debtor has agreed to pay $13,750.00 for an interest valued at $12,500.00 and is therefore paying a premium for the interest and potentially more than the interest could be sold for otherwise.

16. The proposed compromise and settlement is consistent with the intent and the requirements of the Bankruptcy Code. The settlement proceeds described herein shall, after payment of all costs and expenses of the Trustee, be used to pay a portion of the allowed claims of creditors of the estate.

17. This settlement and compromise is proposed in good faith and is the product of arms-length negotiations that have occurred between the parties over an extended period of time.

WHEREFORE, PREMISES CONSIDERED, the Trustee requests that the Bankruptcy Court enter an order:

A. Approving the compromise and settlement by and between the Trustee and Gregory Simpson in accordance with the terms of this Motion;

B. Authorizing the Trustee to execute and deliver any and all other documents which may be necessary or appropriate to effectuate the compromise and settlement described herein; and

C. Granting such further and different relief as the Bankruptcy Court may deem just and appropriate.

Respectfully submitted this the 21st day of September, 2021.

        */s/Tazewell T. Shepard III*
        Tazewell T. Shepard III
        *Chapter 7 Trustee*

        **SPARKMAN, SHEPARD & MORRIS, P.C.**
        P.O. Box 19045
        Huntsville, AL 35804
        Tel: (256) 512-9924

## CERTIFICATE OF SERVICE

This is to certify that I have served the foregoing document upon G. John Dezenberg, Attorney for Debtor, 908-C N Memorial Parkway, Huntsville, AL 35801, Gregory Leon Simpson, Debtor, 100 Bartac Drive, Harvest, AL 35749, and upon Richard M. Blythe, Office of the Bankruptcy Administrator, P.O. Box 3045, Decatur, AL 35602, and upon those parties as found on the Clerk's Certified Matrix by electronic service through the Court's CM/ECF system and/or by placing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage thereon this the 21st day of September 2021.

        */s/ Tazewell T. Shepard III*
        Tazewell T. Shepard III